[Civ. No. 6220. Second Appellate District, Division One.—May 15, 1929.]

C. L. NETZEL et al., Appellants, v. GURLI MELLEN-THIN, Respondent.

Stephen Monteleone for Appellants.

Ray E. Nimmo and Edward B. Howell for Respondent.

HOUSER, J.— In the instant matter it appears that by virtue of a memorandum contract entered into between the parties hereto it was agreed that, for a consideration of the sum of $3,250, plaintiffs would supply the necessary labor and materials for installing in the home of defendant certain draperies and furnishings. Prior to, at, as well as immediately after, the time when the memorandum of contract was signed by the parties, it was understood between them that the entire work was to be completed not later than three weeks from the date of the contract, and that for

seemingly important reasons, time was made the essence of such agreement. As a matter of fact, the draperies and furnishings were never completely installed by plaintiffs in the home of defendant. In that connection the evidence showed that frequently from time to time before the three weeks' period from the date of the contract had expired, defendant requested of plaintiffs that the draperies and furnishings be installed within the time limit which had been agreed upon; but that instead of complying with the condition of the contract in that regard, plaintiffs delayed the matter for a period of about two months before the actual work of installation of the principal portion of the draperies and furnishings was commenced by them, at which time, notwithstanding a prior notice to them by defendant to the effect that the contract was canceled, ostensibly they proceeded to install in the home of defendant "only a small portion" of the draperies and furnishings which they had agreed to install therein. However, it was found by the court: "That none of the said draperies or furnishings were in conformity with the terms of said contract, in that said draperies and furnishings were not hand made and some of them were made of materials different from those provided in said contract, and some of them were not lined or interlined as provided in said contract. That a reasonable time for the plaintiffs to complete the terms of said written contract between the parties would have been one month, but that said contract was not completed within two months from the date of said contract." It appears that theretofore plaintiffs had installed some flimsy, damaged and makeshift materials in one or two of the rooms covered by the contract, to all of which defendant had immediately and strenuously objected to plaintiffs, with the result that plaintiffs had repeatedly promised defendant that substitutions would be made so as to conform to the spirit and the letter of the contract between them. Such promises, however, were not kept or performed. As further shown by the evidence, although a limit of three weeks was originally agreed upon by the parties for the completion of the contract, almost continuously from the time the contract was executed until approximately two weeks before plaintiffs finally attempted to install the draperies and furnishings defendant urged plaintiffs to install the draperies and fur-

nishings in her home in accordance with the memorandum of agreement that had been entered into between the parties—at which latter time the attorney for defendant, acting in her behalf, notified the plaintiffs in writing that, although the order for the manufacture and hanging of the draperies was given with the understanding that it was to be executed within three weeks, more than seven weeks had elapsed and the order was "no nearer completion than at any time." In said communication attention of plaintiffs was directed to "certain draperies placed upon windows of one bedroom . . . being the only one completed, . . . damaged throughout by what apparently was done in removing threads and the silk material has been torn in many places. Therefore the draperies are not acceptable." Also, "that unless this order is executed by the evening of April 25, you need proceed no further and nothing will be paid by Mrs. Mellenthin." Notwithstanding the limit fixed by such communication, defendant again orally extended the time for performing the contract, but only upon the expressed condition that plaintiffs would give defendant a written agreement that the draperies would be ready by May 5th, which proposition was neither accepted nor performed by plaintiffs in any way. However, on May 5th a second letter was addressed to plaintiffs by the attorney for defendant, in which, after directing attention to the particular provisions of the contract between the parties and the breach thereof by plaintiffs, the following statements occur: " . . . In view of this, Mrs. Mellenthin cannot proceed and will place an order with another house for the completion of this work, unless you desire to see me immediately or reduce to writing what you will do, and keep your agreement.

"The agreement has been completely breached by your failures in all of its details, but Mrs. Mellenthin is willing to let you have one more opportunity. I will take this up with you personally if you so desire. If not, we will treat the transaction at an end. I shall expect to hear from you not later than four o'clock Wednesday, May 6th."

The ultimatum thus delivered to plaintiffs was utterly ignored by them. Not until May 9th, which was three days beyond the utmost limit of any implied extension contained in the last communication addressed by defendant to plaintiffs, was any attempt made by plaintiffs to conform in any

way with the requirements of their agreement. At that time, without specific objection of defendant, but in the absence of either any request or authorization by her so to do, plaintiffs proceeded with the installation of a portion of the draperies and furnishings in the home of defendant in attempted compliance with the terms of the contract. Both in workmanship and materials furnished, the job was most unsatisfactory; so much so that, after permitting the work to proceed for one day, during which time defendant continually complained thereof not only to the employees of plaintiffs, but as well to one of the plaintiffs personally, defendant finally declined and refused to permit anything further to be done in the matter of performing the contract, and thereupon returned to plaintiffs all the draperies and effects which theretofore had been placed by plaintiffs in the home of defendant. It will thus be noted that the evidence was ample to sustain the findings of fact by the trial court that "defendant does not owe said amount ($3,250), or any amount to plaintiffs, for the reason that plaintiffs failed, refused and neglected to perform services and furnish materials for which defendant had agreed to pay said amount."

Appellants urge the point that in the circumstances as shown by the evidence the time limit fixed in the agreement between the parties was waived; but such contention is completely answered by the fact that at no place in the evidence does it appear but that, far from acquiescing in the delinquencies and failures of plaintiffs, defendant was constantly and vehemently insisting upon a compliance by them with the terms of the contract. The fact that after weeks of delay beyond the time stipulated for the completion of the contract defendant graciously extended to plaintiffs an opportunity to at last "make good" should not militate against the apparent rights of defendant in the premises, especially in view of the fact that finally plaintiffs failed both with respect to the materials and the workmanship which went into the draperies and furnishings which were installed by them in the home of defendant and which, after being rejected by the latter, were returned to and accepted by plaintiffs. Nor does the evidence show that thereafter any offer of performance of the contract in accordance with

its terms, or otherwise, was ever made by plaintiffs to defendant.

Notwithstanding the legal aspects connected with the original time limit of three weeks within which it was agreed that the contract would be completed, and notwithstanding the disappointment and inconvenience suffered by defendant on account of the failure of plaintiffs in that regard, no inclination is discernible on the part of defendant to insist upon the "pound of flesh" to which by the strict letter of the contract she was entitled. To the contrary, every reasonable opportunity to fulfill the requirements of the agreement was extended to plaintiffs. That the contract was rescinded and canceled is due not to any fault in defendant, but solely because of the delinquencies and shortcomings of plaintiffs.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.